JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

B.W. 5522

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SANG MI LEE,
ANTIGRAVITY® FITNESS, LLC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Douglas Grannan
300 Walnut Street, Philadelphia, PA 19106
(267) 546-9500

## DEFENDANTS
SEOHEE AHN,
SKY CANDY HAMMOCK
YOGA AND POLE DANCE STUDIO

15    5522

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

☐ 2  U.S. Government
Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1125(c), 15 U.S.C. §§ 1114 and 1125(a)
Brief description of cause:
Federal Trademark Dilution, Federal Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

OCT - 7 2015

DATE   I·6|11|15
SIGNATURE OF ATTORNEY OF RECORD
J.T.

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1815 John F. Kennedy Blvd, Philadelphia, PA 19106            15    5522

Address of Defendant: 365-5, Yatap-dong, Bundang-Gu, Daedeok Plaza, 4Fl, Sungnam, Gyeonggi, South Korea

Place of Accident, Incident or Transaction: South Korea, U.S.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) Trademark

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Douglas Graman, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/1/15          Douglas Graman

Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/1/15          Douglas Graman          OCT -7 2015

Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

CMR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

SANGHI LEE.
ANTIGRAVITY® Fitness, LLC
     v.
SEOHEE AHN
SKY CANDY HAMMOCK
YOGA AND POLE DANCE STUDIO

CIVIL ACTION

NO.  **15   5522**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 10/7/15 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-9500 | 267-546-9503 | grannan@crit path.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT - 7 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

15   5522

SANG MI LEE                                    :   CIVIL NO.:
1815 John F. Kennedy Blvd                      :
Philadelphia, PA 19103                         :
                                               :
                                               :   Jury Trial Demanded
ANTIGRAVITY® FITNESS, LLC                      :
265 West 37th Street, Suite 1100               :
New York, NY  10018                            :
                                               :
v.                                             :
                                               :
SEOHEE AHN                                     :   COMPLAINT
SKY CANDY HAMMOCK                              :
YOGA AND POLE DANCE STUDIO                     :
365-5, Yatap-dong                              :
Bundang-gu, Daedeok Plaza, 4Fl                 :
Seongnam, Gyeonggi-do                          :
South Korea                                    :

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28
   U.S.C. § 1331, as the matter directly relates to an
   international treaty ratified by the United States,
   specifically the Hague Agreement Concerning the
   International Registration of Industrial Designs.
   Additionally, diversity jurisdiction exists pursuant to 28
   U.S.C. § 1332(a)(1) as the parties are citizens of
   different jurisdictions.  Finally, the matter in
   controversy exceeds $ 75,000.

2. Venue is proper in this district under 28 U.S.C. §
   1391(a)(1) because Plaintiff Sang Mi Lee resides in this

district and Plaintiff AntiGravity® Fitness LLC conducts business in Allentown, Pennsylvania.

3. This action arises under 15 U.S.C. §§ 1114, 1117, 1125(a), 1125(c).

## PARTIES

4. Plaintiff SANG MI LEE is an individual residing at 1815 John F. Kennedy Boulevard, Philadelphia, Pennsylvania, 19103.

5. Plaintiff ANTIGRAVITY® FITNESS, LLC is a New York Limited Liability Corporation with a registered office address of 265 West 37th Street, Suite 1100, New York, New York, 10018-1100.

6. Defendant SEOHEE AHN aka SEUNGRAN AHN is the owner and operator of Sky Candy Hammock Yoga Pole Dance Studio located in suburban Seoul, South Korea, with a business address of 926-6, Yatap-dong, Bundang-gu, Daedeok Plaza, 4Fl, Seongnam, Gyeonggi-do, South Korea.

## FACTS

7. At all times relevant, defendant Seohee AHN was acting on behalf of herself and on behalf Sky Candy Hammock Yoga Pole Dance Studio.

8. On October 16th, 1991, Plaintiff AntiGravity® Fitness, LLC (hereinafter "AntiGravity®") was incorporated in New York, New York.

9. AntiGravity® is an international entertainment and fitness brand based in New York City, with branches located throughout the world.

10. AntiGravity® Fitness was the creation of Alexander Schlempp and Christopher Harrison, a pioneer in the field of

fitness, yoga, gymnastics, choreography, and a myriad of related fields.

11. Mr. Schlempp and Mr. Harrison's most unique contribution to the fields of fitness and yoga was his pioneering work in developing contemporary acrobatic and aerial yoga techniques, utilizing a system of hammocks fixed to the ceiling of each AntiGravity® Yoga studio.

12. The use of these trademarked hammocks enables each participant to maximize a rigorous fitness regimen, while minimizing impact to one's back, knees and other areas frequently fatigued by more traditional fitness regimens.

13. The reception to this revolutionary technique was unprecedented, and has led to a worldwide presence of the AntiGravity® brand, with studios in Europe, Asia, Australia and Africa.

14. AntiGravity® has taken careful steps to protect their unique contribution to the fields of fitness and yoga.

15. Using a series of trademarks, copyrights, licensing agreements and non-disclosure agreements, AntiGravity® has taken every conceivable step to ensure their brand remains at the forefront of the field they developed.

16. Despite AntiGravity®'s best efforts, these efforts have been undermined by individuals and companies around the world who have sought to utilize equipment and techniques trademarked by AntiGravity® without proper training and certification.

17. AntiGravity® has consistently and zealously fought to protect their brand in the United States and around the world.

18. Beginning in 2011, AntiGravity® sought to develop a presence in one of Asia's largest markets, South Korea.

19. With over twenty six million residents, metropolitan Seoul is one of the largest cities in the world, with an unusually large segment of the population focused on their general level of physical fitness and personal appearance.

20. AntiGravity® established a strong working relationship with plaintiff Sangmi Lee in March of 2011, resulting in Ms. Lee becoming the sole authorized provider of AntiGravity®'s suspension fitness program in South Korea.

21. As AntiGravity®'s brand exploded across South Korea, Plaintiff Sangmi Lee began to conduct seminars and trainings to teach other instructors AntiGravity®'s techniques, using AntiGravity®'s trademarked equipment and techniques.

22. Ms. Lee also used AntiGravity®'s system of non-disclosures agreements to ensure the individuals she instructed were prevented from using AntiGravity®'s trademarked equipment and techniques without Ms. Lee's express permission.

23. Unfortunately, as AntiGravity®'s presence in the Korean market grew, individuals sought to use cheap "knock-offs" of AntiGravity®'s trademarked equipment and techniques.

24. These cheap knockoffs were personified by Defendant Seohee Ahn aka Seungran Ahn.

25. In December 2012, Ms. Ahn registered for and participated in a seminar conducted by Ms. Lee and Jill Drappo-Harvey, née Carnegie, an employee from AntiGravity's New York headquarters, in Seoul, South Korea.

26. This workshop was designed to educate and certify individuals in AntGravity's techniques using their trademarked equipment.

27. As a condition of participating in this workshop, Ms. Ahn was required to execute a non-disclosure agreement,

promising not to use AntiGravity®'s trademarked equipment
or techniques without the express written permission of
AntiGravity® and Sang Mi Lee.

28. This agreement also forbade Ms. Ahn from reproducing any of
the written materials provided to her for the workshop, or
recording any techniques demonstrated during the workshop.

29. Despite Ms. Lee's best efforts, Ms. Ahn failed to pass this
certification process, as it was immediately apparent she
lacked the physical fitness ability necessary to properly
instruct others in even the most basic aerial yoga
techniques.

30. This led Ms. Ahn to ask her boyfriend to attend the same
workshop as a spectator.

31. Ms. Ahn asked her boyfriend to observe the workshop so he
might videotape the techniques Ms. Lee and Ms. Carnegie
attempted to convey to Ms. Ahn.

32. Ms. Lee noticed this videotaping and immediately instructed
Ms. Ahn's boyfriend to cease recording the workshop.

33. Ms. Lee believed Ms. Ahn's boyfriend stopped videotaping
the workshop following her instruction.

34. However, upon information and belief it appears Ms. Ahn's
boyfriend simply began using a smaller video recording
device, hoping Ms. Lee would not notice his actions during
a busy workshop.

35. The purpose of this recording was to enable Ms. Ahn to
preserve Ms. Lee's instruction, so she might open a
competing aerial yoga studio nearby.

36. Shortly thereafter, Ms. Ahn opened "Sky Candy Hammock Yoga
And Pole Dance Studio" in suburban Seoul, South Korea, less
than ten (10) miles away from one of Ms. Lee's AntiGravity®
studio in Bundang, South Korea.

37. The effect on Ms. Lee's business was immediate and significant, dramatically decreasing the number of persons enrolling in her aerial yoga classes and teacher trainings.

38. While Ms. Lee wishes to protect her investment for economic reasons, both Ms. Lee and AntiGravity® have grave concerns regarding the impact Ms. Ahn's approach to marketing the brand AntiGravity® has spent decades developing.

39. Ms. Lee has invested a considerable amount of money and her entire professional life in marketing AntiGravity®'s brand in South Korea, only to see the trademarked equipment and techniques developed by AntiGravity® sullied by incorporating elements of the exotic dancing industry.

40. It is precisely this type of tawdry presentation AntiGravity® and Ms. Lee have fought to prevent in their efforts to expand AntiGravity®'s brand in the world market.

41. The impact of Ms. Ahn's marketing decisions have unquestionably lessened the value of Ms. Lee's considerable investment, leading to a decrease in enrollment in her classes, as well as a general cheapening of a valuable brand in an important market.

## FIRST CAUSE OF ACTION

## Federal Trademark Dilution under 15 U.S.C. § 1125(c) against Defendant Seohee Ahn aka Seungran Ahn

42. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-41 of this Complaint.

43. The actions of Defendants Ahn described above and specifically, without limitation, her unauthorized use of the AntiGravity® trademark, and confusingly similar

variations thereof, in commerce to advertise and market Sky
Candy Hammock Yoga And Pole Dance Studio throughout South
Korea, are likely to cause dilution by blurring and
tarnishing the name of AntiGravity® in violation of 15
U.S.C. § 1125(c).

44. Plaintiff has suffered and continues to suffer damages in
an amount to be proven at trial consisting of, among other
things, diminution in the value of and goodwill associated
with the AntiGravity® mark, and injury to Plaintiffs'
business.

45. Upon information and belief, the actions of Defendant Ahn
described above were and continue to be deliberate and
willful.  Plaintiff is therefore entitled to recover
damages in an amount to be determined at trial, profits
made by Defendant Ahn on enrolment in classes, and sales of
equipment, as well as the costs of this action pursuant to
15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against Defendant Seohee Ahn aka Seungran Ahn

46. The allegations of paragraphs 1-44 of this Complaint are
incorporated herein by reference.

47. Plaintiffs have suffered and continue to suffer damages in
an amount to be proven at trial consisting of, among other
things, diminution in the value of and goodwill associated
with the AntiGravity® mark, and injury to Plaintiffs'
business, all in violation of 15 U.S.C. §§ 1114 and
1125(a).

48. Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover damages in an amount to be determined at trial, profits made by Defendants on enrollment in classes, sales and use of equipment, and the costs of this action.

49. Furthermore, Plaintiff is informed and believes, and on that basis allege, that the actions of Defendant was undertaken willfully and with the intention of causing confusion, mistake, or indecision, making this case exceptional and entitling Plaintiffs to recover additional treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

<u>JURY TRIAL DEMAND</u>

Plaintiff demands a trial by jury on all counts complained of herein for which she is entitled to a jury trial.

Dated: Oct. 7. 2015

Respectfully submitted

Douglas Grannan, Esq.
Attorney for Plaintiffs
Law Offices of Douglas Grannan, PC
300 Walnut Street
Philadelphia, PA 19106
(267) 546-9500
(267) 546-9503 - Facsimile

## DEMAND TO PRESERVE EVIDENCE

The defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to plaintiff's claims, to her potential claims and her claims to damages, to any defenses to same, including but not limited to electronic data storage, video recordings, employment files, files, memos, charts, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANG MI LEE                              :        CIVIL NO.:
1815 John F. Kennedy Blvd                :
Philadelphia, PA 19103                   :
                                         :
                                         :        Jury Trial Demanded
ANTIGRAVITY® FITNESS, LLC                :
265 West 37th Street, Suite 1100         :
New York, NY  10018                      :
                                         :
v.                                       :
                                         :
SEOHEE AHN                               :        COMPLAINT
SKY CANDY HAMMOCK                        :
YOGA AND POLE DANCE STUDIO               :
365-5, Yatap-dong                        :
Bundang-gu, Daedeok Plaza, 4Fl           :
Seongnam, Gyeonggi-do                    :
South Korea                              :

CERTIFICATE OF SERVICE

    I hereby certify that on October 7, 2015, I served a true and
correct copy of this Plaintiff's Complaint was served upon the
following parties by DHL Express:

SEOHEE AHN
SKY CANDY HAMMOCK
YOGA AND POLE DANCE STUDIO
365-5, Yatap-dong
Bundang-gu, Daedeok Plaza, 4Fl
Seongnam, Gyeonggi-do
South Korea

Dated: October 7, 2015           Douglas Grannan
                                 Douglas Grannan, Esq.
                                 Attorney for Plaintiffs
                                 Law Offices of Douglas Grannan
                                 300 Walnut Street
                                 Philadelphia, PA  19106
                                 (267) 546-9500

# EXHIBIT A

I, Sun Ok Kang, hereby certify I am fluent in the Korean and English languages and I swear the attached translation is true and correct to the best of my abilities.

Sworn and Subscribed this ___7___ day of ___Oct.___ , 20__15__

_____

Sun Ok Kang

# 미국 연방 지방 법원 동부지역

| | | |
|---|---|---|
| 원고 | : | 사건번호: |
| 이상미 | : | |
| 1815 John F. Kennedy Blvd | : | 배심원 판결 요구 |
| Philadelphia, PA 19103 | : | |
| | : | |
| | : | |
| **앤티그래비티 피트니스** 유한주식회사 | : | |
| 265 West 37th Street, Suite 1100 | : | |
| New York, NY  10018 | : | |
| | : | |
| | : | |
| | : | |
| 피고 | : | |
| 안서희 | : | 고소장 |
| **스카이 캔디 폴댄스 해먹 요가** | : | |
| 대한민국 경기도 성남시 분당구 | : | |
| 야탑동 365-5, 대덕플라자 4 층 | : | |

## 관할 및 재판지

1. 본 소송은 미국이 비준한 국제조약 즉, **산업디자인의 국제등록에 관한 헤이그협정**과
직결되는 바, 본 법원은 미법률 제 28 편 1331 부에 의거하여 본 소송의 관할권을 갖는다.
원고와 피고가 각 다른 관할법권의 시민인 바, 미법률 28 편 1332(a) (1) 부에 따라
복수관할법이 적용된다. 마지막으로, 청구금액은 미화 75000 불을 초과한다.

2. 원고 이상미가 본 법원 관할지역에 거주하고, 원고 **앤티그래비티 피트니스**
**유한주식회사**의 사업장이 미국 펜실베이니아 알렌타운에 소재하는 바, 미법률 28 편
1391(a) (1) 부에 의거해 재판지는 본 법원이 된다.

1

3. 본 소송은 미법률 제 15 편 1114 부, 1117 부, 1125(a) 부 그리고 1125(c) 에 의거해 발생한다.

## 원고와 피고

4. 원고 이상미의 거주지는 미국의 1815 John F. Kennedy Boulevard, Philadelphia, Pennsylvania, 19103 이다.

5. 원고 **앤티그래비티 피트니스**는 뉴욕에 등록된 유한회사이며 사업자등록 주소는 265 West 37th Street, Suite 1100, New York, New York, 10018-1100 이다.

6. 안승란으로도 알려진 피고 안서희는 대한민국 서울시 근교에 위치한 **스카이 캔디 폴댄스 해먹 요가**의 소유주인 동시 운영자이다. 사업장 주소는 대한민국 경기도 성남시 분당구 야탑동 365-5, 대덕플라자 4 층이다.

## 사실관계

7. 관련 맥락 안에서 시종일관, 피고 안서희는 안서희 본인과 **스카이 캔디 폴댄스 해먹 요가**를 대변해 왔다.

8. 원고 **앤티그래비티 피트니스 유한회사** (이하 "**앤티그래비티**")는 1991 년 10 월 16 일 미국 뉴욕주 뉴욕시에 설립되었다.

9. 뉴욕시에 근거지를 둔 **앤티그래비티**는 엔터테인먼트와 피트니스 분야의 세계적인 브랜드이며 전세계에 분점을 갖고 있다.

10. 알렉산더 슐렘프와 크리스토퍼 해리슨이 **앤티그래비티 피트니스**를 창립했고 이들은 피트니스, 요가, 기구운동, 안무 이외 수 많은 관련 분야를 개척한 이들이다.

2

11. 모든 **앤티그래비티** 요가 스튜디오의 천정에 해먹을 설치하고 활용하여 현대식 곡예 공중 요가를 개발한 점이 알렉산더 슐렘프와 크리스토퍼 해리슨이 피트니스와 요가 분야에 획기적으로 기여한 부분이다.

12. 기존의 피트니스 훈련은 등과 목 그리고 기타 신체 부위에 무리를 주는일이 빈번한데 해먹시스템을 이용하면 신체가 받는 무리를 최소화하는 반면 피트니스 운동의 강도를 극대화 할수 있다.

13. 이런 획기적인 기술의 도입은 유례가 없는 것으로서 이를 통해 **앤티그래비티**는 세계적인 브랜드가 되었고 유럽, 아시아, 호주 그리고 아프리카에 스튜디오 분점을 갖게 되었다.

14. **앤티그래비티**는 피트니스와 요가 분야에 자신들이 기여한 획기적인 부분을 지켜내기 위해 신중한 조치를 취해 왔다.

15. **앤티그래비티**는 일련의 고유상표, 저작권 그리고 라이센스계약과 비밀유지계약을 사용하여 자신들이 개발한 분야에서 선두자리를 지키기 위해 할 수 있는 모든 조치를 취해왔다.

16. 하지만 이러한 **앤티그래비티**의 조치들은, 훈련도 제대로 받지 않고 자격도 없는 전세계 개인과 업체들이 **앤티크래비티**의 등록상표화된 장비와 기술을 무단으로 이용함으로써 무색해졌다.

17. **앤티크래비티**는 미국과 전세계에 걸쳐 자신들의 브랜드를 보호하기 위해 시종일관 열정을 다해 투쟁해왔다.

18. 2011 년 **앤티그래비티**는 아시아의 가장 큰 시장 중에 하나인 한국에 **앤티그래비티**의 존재를 알리기 위한 일에 착수했다.

19. 2 천 6 백만 이상의 인구가 밀집한 서울시는 세계에서 가장 큰 도시중에 하나이며 시인구의 절대 인구수가 자신들의 신체와 외모 수준에 큰 관심을 갖고 있다.

20. 2011 년 3 월 **앤티그래비티**는 원고 이상미와 동업관계를 맺었고 그에 따라

이상미씨는 한국에서 **앤티그래비티**의 공중피트니스 프로그램을 제공할수 있는 유일한

라이센스 소유자가 되었다.

21. 한국 전역에 걸쳐 **앤티그래비티** 브랜드에 대한 반응이 폭발적임에 따라 원고

이상미씨는 직접 **앤티그래비티**의 고유 장비와 기술을 사용해 **앤티그래비티**의 기술을

다른 강사들에게 지도하는 세미나와 강습을 열기 시작했다.

22. 이상미씨는 또한 이상미 본인의 구체적인 동의 없이는 **앤티크래비티**의 고유 장비와

기술을 세미나와 강습에 참여한 사람들이 사용하지 못하도록 **앤티그래비티**의

비밀유지계약 방식을 이용하였다.

23. 하지만 안타깝게도, 한국시장에서 **앤티그래비티**의 존재감이 커짐에따라

**앤티그래비티**의 고유한 장비와 기술을 값싼 유사 기술과 장비로 둔갑하여 이용하는

자들이 생겨났다.

24. 이런 싸구려 "짝퉁"의 실체는 안승란이라고도 알려진 피고 안서희에 의해

구체화됐다.

25. 2012 년 12 월, 피고 안씨는 **앤티그래비티** 뉴욕본부에서 근무하고 있던, 질 드래포-

하비 (결혼전 이름, 질 카네기)와 원고 이씨가 대한민국 서울에 실시한 세미나에

등록하고 참석하였다.

26. 이 워크샵은 참석자들에 **앤티그래비티**의 고유한 시설을 이용해 **앤티그래비티**의

기술을 교육하고 그에 따라 자격증을 주기 위해 기획되었다.

27. 이 워크샵에 참석할 수있는 조건으로 피고 안씨는 **앤티그래비티**와 이상미의 서면

동의 없이는 **앤티그래비티**의 고유장비와 기술을 사용하지 않을것이라는

비밀유지계약서를 작성하였다.

4

28. 이 계약에 따라 워크샵에서 배포되는 자료를 복사하거나 워크샵에서 선보이는 기술을 촬영하는 것이 안씨에게 금지되었다.

29. 이씨가 최선을 다했음에도 불구하고, 가장 기초적인 공중요가 기술을 선보이는 곳에서도, 공중요가 기술을 가르치는 강사에게 필수인 피트니스 신체능력이 안씨에게 결여돼 있다는 사실이 곧바로 드러났고 결국 안씨는 자격증을 받는데 실패했다.

30. 그러자 안씨는 본인의 남자친구에게 관람자로 워크샵에 함께 참석할 것을 부탁했다.

31. 안씨는 남자친구에게 워크샵을 관찰하다 기회를 보아 이 씨와 질 드래포-하비 씨가 안 씨에게 전수하고자 한 기술을 촬영하도록 했다.

32. 이씨는 이 비디오촬영을 눈치챘고 즉시 워크샵 촬영을 중단하라고 안씨의 남자친구에게 지시했다.

33. 이씨는 안씨의 남자친구가 자신의 지시에 따라 비디오촬영을 중단했다고 믿었다.

34. 그런데, 이씨가 파악하기에, 안 씨의 남자친구는 이씨가 자신의 행동을 눈치채지 못할것이라 기대하고 보다 작은 촬영기기를 사용하기 시작한 것으로 보인다.

35. 이 비디오촬영의 목적은 안씨가 이씨의 강습내용을 입수해 근처에 다른 공중요가 스튜디오를 개업케 하기 위한 것이었다.

36. 곧바로 안씨는 **스카이 캔디 폴댄스 해먹 요가**를 서울 근교에 개업했고 위치는 이씨의 **앤티그래비티** 스튜디오 분당점에서 16 킬로미터 내 거리였다.

37. 안씨의 스튜디오 개업이 이씨의 사업에 끼친 영향은 즉각적이었고 막대했다. 이씨의 공중요가 수업과 강사훈련 프로그램에 등록하는 수강생 수가 급감하였다.

38. 경제적인 이유로 자신의 투자를 보호하고 싶은 이씨의 바람과 별도로 **앤티그래비티**와 이씨는 수십년간 **앤티그래비티**가 개발한 **앤티그래비티**의 브랜드를 마케팅하는 안씨의 접근방식이 가져올 결과에 큰 우려를 하고 있다.

39. **앤티그래비티** 브랜드를 한국에 마케팅하기 위해 투자한 막중한 자금과 시간의

결과로 이씨가 목격한 것은 다름아닌 **앤티그래비티**가 개발한 장비와 기술이 밤무대

댄스산업과 접목되어 **앤티그래비티**의 브랜드 가치가 희석되는 것이었다.

40. **앤티그래비티**와 이씨가 **앤티그래비티**의 브랜드를 세계시장에 보급하며 가장 신경

써 방지하고 싶어했던 것이 바로 이런 조잡한 모방의 출현이었다.

41. 의문의 여지없이 안씨의 이런 판매 전략은 이씨의 대규모 투자에 피해를 끼쳤다.

이씨의 수강생은 줄었고 중요한 시장에서 한 고급 브랜드의 수준이 떨어졌다.


## 청구 원인 1

### 피고 안서희에 대한 미연방법 제 15 편 1125(c) 부에 의거한
### 등록상표의 가치 희석화에 관한 법률 위반


42. 원고는 본 소장의 문단 1 에서 문단 41 에 걸쳐 기술한 혐의 주장을 이곳에

포함시키고 재주장하는 바이다.

43. 상기 기술한 안씨의 행위, 특히 (하지만 이것에 국한되지 않는), **스카이 캔디 폴댄스**

**해먹 요가**를 한국 전역에 광고하고 판매하는데 있어 **앤티그래비티** 상표를 무단사용하고

혼동을 유발하는 유사상표를 사용한 피고 안씨의 행위는 **앤티그래비티** 브랜드의

고유성을 희석하고 불순하게 하는것으로서 미법률 제 15 편 1125(c) 부를 위반하는

것이다.

44. 현재까지 진행중인 손실로 원고 이씨가 고통을 받고 있는 바 그 손실액은 재판심리

중에 증명될 것이며 그 손실은 특별히 금전에 국한되지 않는 것으로서 **앤티그래비티**

브랜드의 가치하락과 **앤티그래비티** 브랜드에 대한 신뢰도 하락 및 원고 이씨의 사업에

끼친 피해가 포함된다.

45. 원고 이씨가 알고있는 한, 피고 안씨의 행동은 고의적이고 의도적인 것이었으며 그

의도적이고 고의적인 행위는 중단되지 않고 있다. 따라서 원고는 앞으로 재판심리중에

증명될 피해금액, 피고 안씨의 강습 수입금 및 장비판매금을 환수받을 권한을 갖게 된다.

이 피해 환수금에는 미법률 제 15 편 1117 부에 의거하여 본 재판에 드는 모든 비용이

포함된다.

<h2 align="center">청구 원인 2</h2>

<h3 align="center">피고 안서희에 대한 미연방법 제 15 편 1114 부와 1125(a)부에 의거한 미연방<br>상표권침해에 관한 법률 위반</h3>

46. 본 소장의 문단 1 에서 문단 44 에 걸쳐 기술한 혐의 주장을 언급하면서 그 혐의

주장을 이곳에 포함시킨다.

47. 지금까지 진행중인 손실로 원고 이씨가 고통을 받고있는 바 그 손실액은

재판심리중에 증명될 것이며 그 손실은 금전에 국한되지 않는것으로서 **앤티그래비티**

브랜드 가치하락과 **앤티그래비티** 브랜드에 대한 신뢰도 하락 및 원고 이씨 자신의

사업에 끼친 피해가 포함된다. 이 모두는 미법률 제 15 편 1114 부와 1125(a)부를 위반한

것이다.

48. 미법률 제 15 편 1117 부에 의거, 원고는 앞으로 재판심리중에 증명될 피해금액,

피고 안씨가 강습을 통해 얻은 수입금과 장비 판매금과 장비 사용료 그리고 본 소송에

드는 모든 비용을 환수받을 권한을 갖게 된다.

49. 이에 더 나아가, 원고는 원고 자신이 알고 믿고 있는 바에 따라, 피고가 본 소장에 상기한 행위들을 혼동, 실수, 결정유보를 유발하려는 의도로 고의적으로 행하였다고 주장하는 바이며, 이 고의성과 의도성이 본소송을 차별화하여, 미법률 제 15 편 1117 부에 의거해, 원고는 3 배의 추가 피해보상금과 합리적인 수준의 변호사 수임료를 받을 권한을 갖는다.

### 배심원판결요구

본 소장에 기술된 모든 고소내용에 비추어 원고가 배심원 심리판결을 받을 자격이 있는 바, 원고는 배심원 판결을 요구한다.

날짜:

위와 같은 내용의 소장을 제출합니다.

더글라스 그래넌 원고 측 변호사

**더글라스 그래넌 변호사 사무실**
미국 펜실베이니아 19106
필라델피아 월넛  300 가
Tel: (267) 546-9500
Fax: (267) 546-9503

8

## 증거 보존 요구

이에 따라 피고에게, 전자정보저장물, 비디오기록, 고용기록, 기타 화일, 메모, 도표,

직업설명서, 문자교환, 이메일, 스프레이드시트, 사진, 캐시메모리, 급여기록, 급여영수증,

직원근무기록, 근무시간표 및 기타 증거물을 포함한 (하지만 이것에 국한하지 않는),

원고의 혐의 주장과 관련된 그리고 본소송을 포함해 앞으로 진행가능한 손해배상

청구소송과 관련한 또 그에 대한 맞소송과 관련한 모든 실물자료와 전자자료를 보존할

것을 요구하는 바이다.