IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAN MI LEE et al.,    **Plaintiffs** | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 15-5522 <br> : |
| SEOHEE AHN et al.,    **Defendants** | : <br> : <br> : <br> : |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                July 13, 2016

Plaintiffs Sang Mi Lee and AntiGravity Fitness, LLC have filed a lawsuit against Defendants Seohee Ahn[1] and Sky Candy Hammock Yoga Pole Dance Studio under the Lanham Act, asserting claims for federal trademark dilution and federal trademark infringement.[2] Plaintiff has filed a Motion for Default Judgment. Defendants oppose the Motion and seek to set aside the entry of default and to dismiss the case for lack of personal jurisdiction, as an inconvenient forum and as barred by res judicata or collateral estoppel. For the following reasons, the Court will deny Plaintiff's Motion for Default Judgment, grant Defendants' Motion to Set Aside Default, and grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

      **I.**      **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The following facts are undisputed for the purposes of the motions. Plaintiff AntiGravity Fitness is "an international entertainment and fitness brand" that has trademarked its acrobatic and aerial yoga equipment and techniques.[3] Plaintiff Sang Mi Lee was hired by AntiGravity to train instructors on these techniques in South Korea. Plaintiffs allege that Defendant Ahn

---

[1] The caption of this case lists Defendant Ahn's name as Seohee Ahn; Defendants contend that her correct name is Seung Ran Ahn. *See* Doc. No 20, Ex. F to Def's Amendment to Motion to Set Aside Default.

[2] 15 U.S.C. §§ 1125(a),(c); 15 U.S.C. § 1114.

[3] Compl. at ¶9-12.

attended one of Ms. Lee's seminars, and as a condition of her attendance, executed a non-disclosure agreement that prohibited her from using AntiGravity's equipment and techniques without Ms. Lee's permission. Plaintiffs contend that Ms. Ahn failed to pass the seminar's certification process, but has used the AntiGravity trademark without authorization to advertise and market her yoga studio in South Korea, Defendant Sky Candy Hammock and Yoga Pole Dance Studio. Plaintiffs allege that Ms. Ahn's conduct has dramatically decreased Ms. Lee's business and has diminished the value of the AntiGravity trademark.

Although the Complaint was served on October 12, 2015,[4] Defendants did not timely file an answer or otherwise respond. Plaintiffs filed a Motion for Entry of Default under Federal Rule of Civil Procedure 55(a), which the Clerk entered on February 11, 2016. Plaintiffs then filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55(b). After the Court ordered a hearing on the motion, counsel for Defendants entered an appearance and filed a Motion to Set Aside Default. Counsel for both parties appeared at the hearing on March 17, 2016, and the Court entered a briefing schedule for the Motion to Set Aside Default. Defendants then filed an amendment to their Motion, which supplemented their Motion to Set Aside to include the motion to dismiss.

II.     DISCUSSION

A.     Motion to Set Aside Default

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause.[5] In determining whether good cause exists district courts must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or

---

[4] The record does not establish whether service was proper, but Defendants have not contested service.

[5] Fed. R. Civ. P. 55(c).

culpable; and (4) the effectiveness of alternative sanctions."[6] As default judgments are disfavored, doubts must be resolved in favor of the moving party "so that cases may be decided on their merits."[7]

To establish a meritorious defense, Defendants must allege specific facts, which "if established on trial, would constitute a complete defense to the action."[8] Defendants assert the Court lacks personal jurisdiction over Defendants and that Plaintiffs' claims are barred by res judicata. With respect to the alleged lack of personal jurisdiction, Ms. Ahn submitted an affidavit in which she declares that she is the owner of Defendant Sky Candy Yoga, that the business is located in South Korea, and that she does not conduct business in the United States.[9] Plaintiffs do not dispute these facts.[10] As will be discussed in more detail below, this is sufficient to establish that the Court lacks personal jurisdiction over Defendants and therefore that the proffered defense is "not facially unmeritorious."[11] Moreover, although Defendants have not challenged this Court's subject matter jurisdiction, the Court has grave doubts as to whether it has subject matter jurisdiction over the conduct alleged, which has occurred entirely in South Korea.[12] Thus,

---

[6] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

[7] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (internal citation and quotation marks ommitted).

[8] *Id.*; *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

[9] Doc. No 20, Ex. F to Def's Amendment to Motion to Set Aside Default at ¶¶ 2, 8.

[10] Plaintiffs do contend that Ms. Ahn's affidavit is unreliable for reasons discussed below, but does not allege that Defendants conduct business in or have any other contact with Pennsylvania.

[11] *Emcasco Ins. Co.*, 834 F.2d at 74 (internal citation and quotation marks omitted).

[12] *See McBee v. Delica Co.*, 417 F.3d 107, 120 (1st Cir. 2005) (holding "that the Lanham Act grants subject matter jurisdiction over extraterritorial conduct by foreign defendants only where the conduct has a substantial effect on United States commerce"); *Southco, Inc. v. Fivetech Tech. Inc.*, 982 F. Supp. 2d 507, 512 (E.D. Pa. 2013), *aff'd,* 611 F. App'x 681 (Fed. Cir. 2015) (applying multi-factor analysis to determine when a court may exercise extraterritorial jurisdiction under the Lanham Act, including: "(1) whether the defendant is a United States citizen; (2) whether there exists a conflict between the defendant's trademark rights under foreign law and the plaintiff's rights under United States law; and (3) whether the defendant's conduct has a substantial effect on United States commerce."). There is no allegation that the Defendant's conduct has any effect on United States commerce.

the first factor strongly weighs in favor of setting aside the entry of default.[13]

Plaintiffs contend they will be prejudiced if the Court sets aside the default because the delay will cause and has caused continued harm to their business. However, "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding."[14] Instead, prejudice occurs when a plaintiff's "ability to pursue the claim has been hindered since the entry of default," such as by the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice."[15] While Plaintiffs allege that "[w]itnesses in their employ have already left the company to open their own yoga studios, pursue other interests, as well as for personal reasons,"[16] Plaintiffs have failed to explain who these witnesses are, how they are relevant to the case, or why the fact that they are no longer employed with Plaintiffs renders them unavailable.[17] As a result, Plaintiffs have failed to establish that they will be prejudiced by an order setting aside the entry of default.

Plaintiffs also argue that default should not be set aside due to Defendants' culpable conduct. "Culpable conduct surpasses mere negligence, and consists of willful, intentional, reckless or bad faith behavior.[18]" Plaintiffs argue that Defendants intentionally avoided service by pretending not to be present at the address where Defendant Ahn was eventually served and

---

[13] This factor is particularly important here because even if the Court were to deny Defendants' Motion, it would be unable to grant default judgment because when "a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed void." *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015).

[14] *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982).

[15] *Id.*

[16] Doc. No. 16, Pl.'s Opposition at 6.

[17] *See e.g., Rios v. Marv Loves 1*, No. 13-1619, 2015 WL 5161314, at *6 (E.D. Pa. Sept. 2, 2015) (finding prejudice where the plaintiff established that witnesses who would have contributed relevant testimony were no longer available).

[18] *Kauffman v. Cal Spas*, 37 F. Supp. 2d 402, 405 (E.D. Pa. 1999) (internal citations and quotation marks omitted).

have persistently failed to respond to correspondence related to this litigation. However, in her affidavit, Ms. Ahn states that her employees initially returned the mail that contained the complaint because it was incorrectly addressed to "Seohee Ahn."[19] Additionally, Ms. Ahn states that she did not realize that she was sued by Plaintiffs because she does not read or speak English.[20] Plaintiffs contest this point, noting that a translated version of the Complaint was served with the English version. Even if Ms. Ahn did see the translation, which in the Court's records is attached behind the English-language Complaint, it is not unreasonable that confusion could result. Ms. Ahn also states that she gave a copy of the documents to her lawyer in Korea who represented her in a related action, and therefore the Court does not find her conduct to be willful or reckless.[21]

As all of the factors weigh in favor of setting aside the entry of default, Defendants' Motion will be granted and the Motion for Default Judgment will be denied.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

Once a defendant has raised the defense of personal jurisdiction, it is the plaintiff's burden to establish that jurisdiction is proper.[22] The plaintiff "need only establish a prima facie

---

[19] Doc. No 20, Ex. F to Def's Amendment to Motion to Set Aside Default at ¶ 3.

[20] *Id.* at ¶¶5, 8.

[21] Plaintiffs also argue that a letter from Defendants' lawyer in Korea establishes that they were aware of this lawsuit and chose to ignore it. However, the letter referenced by Plaintiffs appears to be a response to a cease and desist request. *See* Doc. No. 6, Ex. C to Pl.'s Opposition. Even so, her foreign lawyer's failure to timely respond to a lawsuit in the United States is insufficient to establish culpable conduct. *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 460 (3d Cir. 2011) ("[I]f the District Court had applied the proper legal standard, we would be forced to conclude that it abused its discretion by finding that the [defendant's] prior attorney's failure to file an answer on time was culpable conduct sufficient to support the imposition of a default judgment."). The Court also notes that since counsel for Defendants entered their appearance, they have complied with the Court's orders and have submitted timely responses.

[22] *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

case of personal jurisdiction," and the court must "accept the plaintiff's allegations as true, and [] construe disputed facts in favor of the plaintiff."[23]

District courts generally exercise personal jurisdiction over defendants who are "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[24] Pennsylvania law provides for jurisdiction over persons "to the fullest extent allowed under the Constitution of the United States."[25] The Due Process Clause of the Constitution requires a defendant to have "'certain minimum contacts with...[Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[26] "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')."[27] None of Plaintiff's allegations remotely allege contacts that would support exercising general jurisdiction.

To establish specific jurisdiction, "the defendant must have purposefully directed [its] activities at the forum…[and] the litigation must arise out of or relate to at least one of those activities."[28] If these factors are established, the court may still "consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice."[29] Plaintiffs' allegations that Defendant Ahn (1) attended one of Ms. Lee's seminars in Korea, (2) opened Sky Candy

---

[23] *Id.* (internal citations and quotation marks omitted).

[24] Fed. R. Civ. P. 4; *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

[25] 42 Pa. Cons. Stat. § 5322.

[26] *O'Connor*, 496 F.3d at 316 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

[27] *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations omitted).

[28] *Petrucelli v. Rusin*, No. 15-3948, 2016 WL 877854, at *2 (3d Cir. Mar. 8, 2016) (citing *O'Connor* 496 F.3d at 317).

[29] *Id.*

Yoga Studio in Korea, and (3) used the AntiGravity trademark to market her yoga studio in Korea fail to establish any conduct that was purposely directed at Pennsylvania, let alone a relationship or connection between the conduct at issue and Pennsylvania.[30] Although San Mi Lee is a Pennsylvania citizen, Plaintiffs allege no contacts between her and Defendants in Pennsylvania and the Third Circuit has explicitly stated that "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself."[31] To the extent Plaintiffs argue that Defendants' contact with Plaintiff AntiGravity, a New-York company which does some business in Pennsylvania, is enough to establish personal jurisdiction, Plaintiffs have also failed to allege any contact between AntiGravity and Defendants that occurred in Pennsylvania.[32] The exercise of personal jurisdiction by a United States District Court in Pennsylvania over a Korean company and an individual citizen of Korea who have never conducted business anywhere in the United States, for conduct that occurred solely in Korea, is inconsistent with any notion of fair play and substantial justice.

### III.    CONCLUSION

For the reasons stated, the Court will deny Plaintiff's Motion for Default Judgment, grant Defendants' Motion to Set Aside Default, and grant Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Defendant's remaining Motions to Dismiss the case as an inconvenient forum and as barred by res judicata or collateral estoppel need not be addressed and will be dismissed as moot.

---

[30] *O'Connor*, 496 F.3d at 317 **("**[W]hat is necessary is a deliberate targeting of the forum.").
[31] *Id.*
[32] *Id.*